**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5433-15T4

MICHAEL LEFKOWITZ,

      Plaintiff-Respondent,

   v.

THE STATE-OPERATED SCHOOL
DISTRICT OF THE CITY OF CAMDEN,
CAMDEN COUNTY, NEW JERSEY,

      Defendant-Appellant.

_____

      Argued November 14, 2017 — Decided November 29, 2017

      Before Judges Fisher and Fasciale.

      On appeal from Superior Court of New Jersey,
      Law Division, Camden County, Docket No. L-
      1231-16.

      Daniel A. Schlein argued the cause for
      appellant (Adams Gutierrez & Lattiboudere,
      LLC, attorneys; Perry L. Lattiboudere, of
      counsel; Mr. Lattiboudere and Adam S. Herman,
      on the briefs).

      Cosmas P. Diamantis argued the cause for
      respondent (Zeller & Wieliczko, LLP,
      attorneys; Matthew B. Wieliczko and Mr.
      Diamantis, on the brief).

PER CURIAM

The order appealed arises from tenure charges concerning the employment of plaintiff Michael Lefkowitz with the defendant school district. We are chiefly asked to consider the school district's contention that the trial judge erred in confirming an arbitrator's decision to temporarily restore plaintiff, as required by N.J.S.A. 18A:6-14, to the payroll pending a final ruling — favorable to the school district — on the tenure charges. Specifically, the school district argues that the arbitrator did not fairly or fully consider its opposition to plaintiff's emergent motion for interim relief.

Our description of the proceedings focuses on those circumstances relevant to the interim award. The record on appeal reveals that the school district filed and served the tenure charges in question on October 1, 2015, and suspended plaintiff without pay, effective October 28, 2015, as permitted by N.J.S.A. 18A:6-14. On November 6, 2015, plaintiff moved for a summary decision; the Commission referred the charges and the summary-decision motion, pursuant to N.J.S.A. 18A:6-16, to an arbitrator for disposition. Opposition to the motion was filed in December, and the arbitrator denied the motion on January 9, 2016. After conferring with counsel, the arbitrator scheduled a hearing that was conducted on February 11, 16, 22, 25, and 26, 2016.

On February 22, 2016, during the course of the hearing, the arbitrator heard the parties' arguments about plaintiff's statutory entitlement to reinstatement to the payroll pending disposition of the charges due to the passage of 120 days from the charges without a decision.[1] The school district's attorney argued at that time that such interim relief could only be considered by the Commissioner; plaintiff's counsel argued the arbitrator had jurisdiction over the question just as he had been given jurisdiction over the entire dispute. The arbitrator soundly concluded that he should not assume he possessed jurisdiction and that the best course would be for someone to seek clarification from the Commissioner. The arbitrator also stated that if it was determined the issue had already been or would be delegated to him, he would "certainly rule on it ASAP."

During the proceedings before the arbitrator on February 25, 2016, the parties again briefly argued the merits of plaintiff's statutory entitlement to reinstatement on the payroll. At that time, the school district argued that plaintiff's motion for a

---

[1] N.J.S.A. 18A:6-14 permits the suspension of "the person against whom such charge is made, with or without pay, but, if the determination of the charge . . . is not made within 120 calendar days after certification of the charges, excluding all delays which are granted at the request of such person, then the full salary (except for said 120 days) of such person shall be paid beginning on the one hundred twenty-first day until such determination is made."

summary decision caused a delay in the proceedings that somehow precluded any statutory obligation to reinstate plaintiff on the payroll and that it would be entitled to a set off for any unemployment benefits plaintiff had received.

On March 9, 2016, plaintiff moved on an emergent basis before the Commissioner for reinstatement to the payroll. The Director of the Bureau of Controversies and Disputes advised on March 21, 2016, that the arbitrator "clearly has jurisdiction over the case, including any motions filed with him." On that same day, the arbitrator advised the parties of the Director's resolution of the jurisdictional dispute.

Three days later, the arbitrator granted the motion even though the school district had not submitted formal opposition. The school district forwarded its opposition later that day, and the arbitrator quickly acknowledged he had reviewed it and "reiterate[d] [his] earlier decision that [plaintiff] shall be reinstated to the [school district's] payroll retroactive to February 2016."

The following month, the arbitrator issued a final arbitration award that sustained the tenure charges. The school district, however, continued to withhold plaintiff's pay and salary despite the arbitrator's March 24, 2016 order.

Consequently, plaintiff filed a verified complaint in the Law Division and obtained an order requiring the school district to show cause why the arbitrator's interim award should not be confirmed and enforced. The school district opposed the application.

For reasons expressed in his June 30, 2016 oral decision, Judge Robert G. Millenky granted plaintiff's application and directed the school district to pay plaintiff's salary for the approximate two-month period in question — February 25, 2016 to April 27, 2016. When the school district failed to comply, plaintiff again moved for enforcement and, on August 23, 2016, Judge Millenky again granted relief. The judge also denied the school district's motion for a stay, as did we after the school district commenced this appeal.

In appealing, the school district argues the trial judge erred in confirming the arbitrator's interim award by failing to recognize that: (1) the arbitrator "exceeded his statutory authority" in deciding whether plaintiff was entitled to reinstatement; (2) the arbitrator "erroneously failed to consider the [school district's] arguments and evidence"; and (3) plaintiff was not entitled to reinstatement because he had "contributed to delays in the arbitration proceedings." We find insufficient merit in the first and third arguments to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We add only, as to the first, that the record demonstrates the Commissioner expressly delegated the authority to rule on the interim application. And, as to the third, there is nothing in the record to suggest plaintiff did anything to delay the arbitration proceedings within the meaning of N.J.S.A. 18A:6-14. In short, there is no doubt plaintiff was entitled to reinstatement.

The only question remaining is whether the arbitrator gave short shrift to the school district's opposition to plaintiff's interim application. To be sure, as the record demonstrates, the arbitrator initially ruled without the benefit of the school district's opposition and later — approximately nine minutes after receiving the opposition — the arbitrator reiterated his earlier ruling. The emails that confirmed these events reveal that on March 24, 2016, the arbitrator:

- ruled on the application at 3:56 p.m.;

- received the opposition at 4:48 p.m.; and

- reiterated his ruling at 4:57 p.m.

This timeline naturally gives pause and generates a colorable concern over whether the school district's opposition was fairly considered by the arbitrator.

But, as Judge Millenky observed in his oral decision, an arbitrator familiar with the facts and circumstances, as was the case here, and familiar as well with the applicable legal and equitable standards as we should assume, would have required little time with the school district's papers to form a conclusion about whether his initial determination to grant relief was or was not appropriate. The opposing brief itself is only thirteen pages long and there was nothing relevant in those pages that the arbitrator hadn't already considered. For example, the opposing brief's first five and one-half pages address the school district's meritless argument that the arbitrator lacked jurisdiction — meritless because, by that time, the Commissioner had expressly delegated the motion to the arbitrator — as well as a recitation of the matter's procedural history and a summary of the facts relevant to the tenure charges, all no doubt well known to the arbitrator. The next nearly three pages addressed the legal and equitable grounds for granting or denying interim relief; here, the school district recognized that, by statute, plaintiff was entitled to reinstatement but pressed its contention that equitable or policy grounds suggested a different outcome. The brief's remainder addressed the school district's unfounded contention that plaintiff had delayed the proceedings, that an interim award would contravene public policy when, in fact, the applicable statute

embodies the relevant public policy, and that the school district's reiteration of its right to a set off of any unemployment benefits received by plaintiff during the time frame lacked relevance absent issuance of the very interim award sought. In addition, these issues had all been recognized and discussed at earlier stages of the arbitration. Consequently, despite the demonstrably short period of time that the arbitrator had in hand the school district's written opposition before reiterating his grant of the interim award, it is clear to us, as it was to Judge Millenky when he confirmed the interim award, that the arbitrator was already familiar with and had considered all the concepts briefed by the school district.

We agree with Judge Millenky who, having similarly analyzed the issues, concluded that a sufficient review of the opposition "was something that . . . could be accomplished promptly and efficiently" because the school district's arguments "incorporated [matters] that the arbitrator had already thought about and had already evaluated" when he initially ruled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5433-15T4